N THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN LOUIS RUTLEDGE, ) | |
| AIS #242515 ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
| v. ) | CASE NO. 2:07-CV-476-MHT |
|   ) | [WO] |
|   ) | |
| REBECCA GETTYS KELLY, ESQ., et al., ) | |
|   ) | |
|   Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jonathan Louis Rutledge ["Rutledge"], a state inmate, complains that his attorneys provided ineffective assistance during proceedings related to a conviction imposed upon him by the Circuit Court of Barbour County, Alabama. Rutledge seeks monetary damages and "any other relief that this court" deems appropriate. *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

In this cause of action, Rutledge complains that Rebecca Gettys Kelly and Thomas

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

F. Kelly, attorneys who represented him on a Barbour County conviction, "failed to file timely motions and to protect the plaintiff's right to effective assistance of counsel. Defendants failed to exercise reasonable professional diligence while defending the plaintiff...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. These claims entitle Rutledge to no relief.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Rutledge complains was not committed by persons acting under color of state law, the claims presented in the complaint are frivolous as they lack an

arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] The plaintiff's complaint is therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). It is further

ORDERED that on or before June 13, 2007, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Fifth Circuit issued prior to September 30, 1981.

    DONE, this 1st day of June, 2007.

                                        /s/ Susan Russ Walker  
                                        SUSAN RUSS WALKER  
                                        UNITED STATES MAGISTRATE JUDGE