IN THE STATES COURT OF Appeals
FOR THE ElevenTH Circuit

Page 1

Jonathan Louis Rutledge
plaintiff prose Appelle
  -vs-                          Case No. 207 cv 476
Rebbeca Gettys Kelly Ind capacity     M.H.T.
Defendants  Appellant

## "NOTICE OF Appeal"

On Appeal the plaintiff states on appeal his Bar by the applicable Statue of Limitation is clearly erroneous when in fact the plaintiff states his rights were violated as a result of events that lead up to his illegal sentence of being held against his will. Restrained of said Liberty interest on the date of Confinement starting on August 17 2005 date of Sentence to incarcerate said freedoms with out the procurement of Subject matter Jurisdiction on the basis of an felony arrest due to an affidavit Complaint being signed by an Unlicensed Magistrate Judge on April 29 2005. By the signature of MR Deborah Tew, The petitioner requested a copy of Alabama state Bar License Providing authorization to issue felony warrant. A copy of State License by Mrs Deborah Tew

Page 2

has not been provided to authorize an felony arrest warrant indictable by state statue to authorize subject matter jurisdiction to a trial charging the plaintiff with a violation of 2nd degree arson, TO bar any applicable Statue by limitation. The Courts must have gainful subject matter Jurisdiction to an lawful arrest to do so.

The plaintiff Mr Jonathan Rutledge ascertains that he is entitled to an Appeal before the 11th Circuit Court of Appeal Atlanta Georgia. Due to his claims of ineffective assistance of Counsel the law firm of Rebbeca Getty's Kellys professionalism fell below reasonableness to compentant standards of effectiveness. When Mr Rebbeca Kelly failed to file ineffective counsel claims against trial counsel Mr Paul W. Brunson in the case of Jonathan Rutledge defendant -v- State of Alabama Barbour County circuit court case No. CC 2005 166.60. Due to Mrs Rebbeca Getty's Kellys failures to address Mr Paul W Brunson actions to properly move the court for a orally motion to dismiss all charges against Mr Rutledge Due to a Lack of subject matter and the failure of the State to procure Jurisdiction

to a trial by a Jury. Due an un-licence practicing magistrate Judge's sign her signature to authorize the arrest of the plaintiff to a charge of 2nd degree arson an felony indictable offence. In Alabama a magistrate must possess a license to arrest for a violation of state law charging an felony indictment. Without a license a magistrate only possess Jurisdictional limited authority to issue arrest for municiple ordinance violation or misdemeanors. To clearly procure subject matter to arrest MR Rutledge without Jurisdiction to indict him in the Barbour County Circuit Court to a trial based upon un-licensed practicing magistrate Judge the charges of 2nd degree Arson must be null and void And no Billed for a lack of subject matter Jurisdiction It is clear in the transcript of Record of the trial Counsel MR Paul Brunson failures fell below competancy to represent MR Jonathan Rutledges Rights to a fair objective standards as garanteed by the 6th Amendment right to qualified professionalism to representation of the constitutional Right to a fair trial in Barbour county circuit court. We must never second guess mrs Rebecca Gettys Kelly's un-professionlism to properly address these claims in the court of criminal appeals that has deprived mr Rutledge of his freedoms without subject matter to incarcerate said

Freedoms by a violation of Liberty interest protections, no one will be deprived of Life Liberty or property without due process of Law Jurisdiction. And to incarceration or to restrain Mr Rutledge against his will to cruel and usually punishment is clearly to deprive him of his right to be free of such act or actions by counsels failure.

It is also evident in the Trial of the State of Alabama vs Jonathan Rutledge that his claims of ineffective assistance is valid, when Mr Paul Brunson court appointed trial counsel failed to file a motion to suppress all evidence seized due to the evidence seized was tainted by contamination or tampered or altered from its original form. Due to a break in the chain of custody to an elapse of custody and control of State's evidence utilized for the purpose to an unlawful arrest being signed by an un-licensed practicing magistrate Judge Mrs Deborah Tew, And clearly a lack of subject matter to substantiate probable cause to arrest the petitioner plaintiff for a felony violation of state Law by a licensed magistrate Judge to practice Law in the State of Alabama. It is also apparent in the elapse of custody and control to a break in the chain of evidence that was used to aquire an arrest to an indictable offence charging a felony. Mrs Sharee Wells

with the Department of Forensic Sciences in Birmingham Alabama provided testimony from the transcript of record in the Trial of the State of Alabama vs Jonathan Rutledge And I quote from the Transcript of Record page 201 Lines 7, 8, 9, 10, 11, and by starting with Questioning by Attorney Brunson Line 8 Question to Mrs Sharee Wells the Department of Forensic Sciences. Line 8 Question and I quote from Transcript Did you receive the package from UPS? Did you sign Line 9 for it? Line 10 Answer By Sharee Wells Line 10 No I didn't Line 11 from transcript of record page 201 and I quote MR Brunson objected to the items but failed to properly file a motion to suppress all evidence seized due to a break in the chain of custody or orally objected and make an oral motion to suppress all of state Evidence Exhibits 46, 47, 48 and 45 to being entered into evidence due to a break in the chain of evidence to an elapse of control to an elapse of time, MR Paul Brunsons professionalism as Counsel for the representation of MR Jonathan Rutledge rights deprived MR Rutledge to a fair trial as guaranteed by the 6th Amendment to demonstrate he was representing his clients interest to obtain a fair trial. We must never second guess MR Brunson's failures

Page 6

to be reliable and confident and honest to entertain by refutal to the States Evidence being improperly handled by the failure to ensure that said evidence was properly documented in a Journal logging the chain of Custody that all evidence seized was safegarded against any elapse to tamper or alter it from its original form in the chain of events that has now made the evidence inadmissable. It is very obvious that MR Brunson failed to orally ask the court to suppress or even file a motion to suppress evidence. And I quote from page 203 of trial transcript in the case of the State of Alabama vs Jonathan Rutledge Barbour County Alabama. Line 8 Brunson Questioned Sharee Wells from Forensic's you don't know what happened to Line 9 These samples from the time the U.P.S. man brought Line 10 them until you got them do you? Line 11 NO. It is apparent that MRS Sharee Wells really didn't NO about the custody and control of the chain of Evidence. MR Brunson failure to protect his clients right to a fair trial deprived MR Rutledge to gainful professional representation that would have resulted in a different come out of the trial.

The plaintiff MR Jonathan Rutledge states that his court appointed appellate counsel MRS Rebbeca Gettys Kelly with the Kelly Law firm failed to represent MR Jonathan Rutledge Rights on Appeal by the failure to file ineffective assistance of counsel claims on appeal against MR Paul Brunson for his failures to address in open court durring the trial to an objective standard of reasonableness to the claims of a clear break in the chain of custody to an elapse of events in time of the control of all evidence seized by properly fileing an oral motion to suppress all evidence offered as state's exhibits 46, 47, #8, and 45 to being entered into the record as admissible when Shavee Well testimony verifys a break in the chain of evidence. We must never set double standards to qualified professional assistance to appointment of compentant appellant counsels action to deprive MR Rutledge of his right to effective means of compentacy to obtain a fair trial, when the record is silent concerning a log of events of the evidence in question seized. By a failure to keep a Journal of the chain of custody of state's exhibits that were

entered into the record without documentation demonstrating protective safeguards to ensure the Contents against an Elapse to be tampered or altered from its original form. The Silent record of no supportive documentation listing a chain of custody and control of events logged in a Journal and its silence must be refuted as the truth to a Break in the chain of said custody due to an Elapse of time. Ex parte Floyd 457 so 2d 961 962 Alg 1984, Chavers vs state 517 so 2d 644 1985. No Record in transcript of a Journal documenting chain of Evidence Silent record must be accepted as truth. And such failure to fall below the Standard of professional compentacy to act with due diligence to represent Mr Rutledge's rights on appeal by failures of Rebecca Getty Kelly to entertain her clients rights as appellate Counsel on appeal in the Criminal Court of Appeal. And the failure to file an claim of ineffective assistance against trial counsel for his failure's to act responsible credible and profession in his assistance to protect Mr Rutledges right to a fair trial by effective objective reasonable ness to compentant representation. When it

Mrs Rebbeca Kelly had of acted with her clients best interest the outcome of the trial on Appeal would have resulted in a different result. Mrs Kelly disregarded the safegards of Mr Jonathan Rutledge rights to a fair trial to protect his rights against being held against his will to safegard said free doms from incarceration that has deprived Mr Rutledge to be free from such acts or actions by being held against his will bondage supportive by cruel and unuseal punishment to incarcerate said free will and that no one will be deprive of said free will or no one will be deprived of life liberty or property without due process of Jurisdiction of law to a false arrest by an un-licensed magistrate Judge signature without authority to arrest on an felony indictment or trial by Jury to an felony arrest authorizing by state law given subject matter to a lawful Jurisdictional lawful arrest by being licensed to practice the enforce of an un licensed arrest that is of no force or effect null and void with only limited authorize authority

without a License to sign other than municiple violations or ordinances or misdemeanor warrants.

Thankyou

Respectfully submitted

plaintiff prose _Jntn W. Rutledge_

## Certificate OF Service

I certify that I have this day of July 7, 2007 sent a copy of notice of APPEAL in case No. 207 cv 476 MHT. To THE Office of The Court Clerk United STATES DISTRICT COURT Post office Box 711 Montgomery AL 36101. Also served a copy of the forgoing to REBECCA Gettes Kelly ESQ Law Firm 17 Court Square Post office Box 665 Clayton AL 36016 By placing in the CAMDEN mail Box Legal Mail.

Jonathan Rutledge
CAMDEN work Release
1780 ALABAMA Hwy 221
CAMDEN, 36726.

PRO-SE _Jnth Rutledge_